UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO Y. RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.   4:12-CV-543 |
| vs ) | |
| ) | JURY TRIAL DEMANDED |
| DAMON BERTI, ) | |
| SHERIFF GARY TOELKE, ) | |
| COUNTY OF FRANKLIN, MISSOURI, ) | |
| ) | |
| Defendants. ) | |

**Plaintiff's First Complaint with Jury Demand**

*Introduction*

1. This is a civil rights action filed by Jo Y. Richardson, a former inmate of the Franklin County Jail, for damages under 42 U.S.C. § 1983, alleging sexual assault. In addition, Plaintiff asserts Franklin County had a policy, practice, and custom of failing to monitor, train, discipline, and supervise its employees. Plaintiff also alleges the torts of assault and battery.

*Jurisdiction and Venue*

2. This Court has jurisdiction over Plaintiff's claims of violation of federal constitutional rights pursuant to 42 U.S.C. §§ 1331(1) and 1443.

3. This Court has supplemental jurisdiction over Plaintiff's state law tort claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and E.D.Mo.L.R. 2.07(A)(1) because the claim for relief arose in Franklin County, Missouri.

*Parties*

1

5. Plaintiff Jo Richardson was incarcerated at the Franklin County Jail during the events alleged in this complaint.

6. Defendant Damon Berti was a correctional officer and deputy employed at the Franklin County Jail during the events alleged in this complaint. He is sued in his individual capacity.

7. Defendant Gary Toelke is the chief law enforcement officer of Franklin County. He is responsible for the Franklin County jail and was in said position during the events alleged in this complaint. At all relevant times, he was the director of the Franklin County Jail and was the policy-making authority for Franklin County with respect to the operation of the Franklin County Jail. He was responsible for the implementation of policy, procedure, custom, and practices of the Franklin County Jail and for the training, supervision, and discipline of employees who worked in the Franklin County Jail. He is sued in his individual and/or official capacity.

8. Defendant County of Franklin, Missouri is a duly organized political subdivision of the State of Missouri.

9. Each defendant acted under color of state law at all times relevant to this complaint.

*Facts*

10. On or about March 5, 2010, Plaintiff was incarcerated in the Franklin County Jail awaiting trial for a charge unrelated to this matter.

11. Plaintiff was one of two females housed in the Franklin County Jail.

12. Defendant Berti came to the pod where Plaintiff was housed and told her she needed to put on a different jump suit.

2

13. Plaintiff left her cell and walked to the bathroom to change her jumpsuit.

14. Defendant Berti followed Plaintiff to an area of seclusion and isolation where no monitoring was in place – a place of confinement in a county institution void of any supervision.

15. Defendant Berti forcefully grabbed Plaintiff and threatened to mace Plaintiff if Plaintiff did not comply with Defendant Berti's demands.

16. Defendant Berti forced Plaintiff to perform oral sex on him against her will.

17. Defendant Berti vaginally penetrated Plaintiff with his penis and without Plaintiff's consent.

18. Defendant Berti did not use a condom, ejaculated on Plaintiff's buttocks, and subsequently used Plaintiff's jump suit to clean his ejaculation from Plaintiff's person.

19. After being returned to her cell, Plaintiff informed her cellmate Karen Vann of this occurrence.

20. Ms. Vann advised Plaintiff to wait until shift change to inform the staff of this occurrence out of fear of retribution from the staff working at the time.

21. At all times pertinent to this lawsuit, Defendant Berti was an employee and/or agent of Defendant Franklin County.

22. Defendant Berti is being sued in his individual capacities and as an agent/employee of his employer, Defendant County of Franklin, Missouri.

23. That all significant contacts and actions relating to this cause took place in Franklin County, Missouri.

24. That this incident was at least the second sexual assault involving a Franklin County deputy in ten months. Defendant Toelke had notice of his deputies' potential for sexual abuse against pre-trial detainees and suspects, yet failed to prevent future attacks and provide an environment with sufficient monitoring.

25. As a direct and proximate cause of the actions of Defendants described herein, Plaintiff suffered damages, including:

    A. Violation of her constitutional rights,

    B. Pain,

    C. Suffering,

    D. Humiliation,

    E. Indignity,

    F. Disgrace,

    G. Stress,

    H. Fear,

    I. Severe Mental and Emotional Distress.

26. Plaintiff continues to suffer as a direct and proximate cause of the harm inflicted upon her by Defendants on or about March 5, 2010.

27. In addition to the damages outlined above, Plaintiff has additional damages, including special damages such as hospital and medical bills.

28. The conduct and actions of Defendants, including the official practices and customs and policies of Defendants Franklin County and Toelke, caused the damages Plaintiff suffered.

29. Defendants Franklin County and Toelke failed to train, supervise, and discipline Defendant Berti; specifically:

    A. Defendants failed to have in effect and/or failed to enforce effective policies, procedures, and training prohibiting sexual abuse or contact of inmates by its staff;

    B. Defendants failed to have in effect and/or failed to enforce effective policies, procedures, and training instructing its staff on the signs of sexual abuse of an inmate by an employee;

    C. Defendants failed to have in effect and/or failed to enforce effective policies, procedures, and training instructing its staff about the steps to be followed if its staff suspects that an employee is having sexual contact with an inmate;

    D. Defendants failed to have in effect and/or failed to enforce effective policies, procedures, and training instructing patients about the steps to be followed when an inmate has a complaint about sexual assault by a staff member;

    E. Defendants failed to properly supervise Defendant Berti, thereby enabling him to isolate Plaintiff and have sexual contact with her;

    F. Defendants failed to provide proper security and monitoring to protect inmates; and

    G. Defendants failed to use reasonable care in hiring Defendant Berti, and failed to properly supervise Berti, thus permitting him to sexually assault Plaintiff.

*COUNT I*

*Violation of Civil Rights*

*42 U.S.C. § 1983*

*Fourth and Fourteenth Amendment – Sexual Assault Against Defendant Damon Berti*

30. Plaintiff incorporates herein the allegations made in each preceding paragraph as if each were set forth verbatim.

31. The sexual assault of Plaintiff on or about March 5, 2010, was a sexual assault by Defendant Berti.

32. The sexual assault of Plaintiff on or about March 5, 2010, was made under color of state law.

33. At the time of the sexual assault, Plaintiff was an inmate of the Franklin County Jail.

34. The sexual assault of Plaintiff on or about March 5, 2010 violated Plaintiff's civil rights as secured by the Fourth and Fourteenth Amendments.

35. The sexual assault against Plaintiff by Defendant on or about March 5, 2010, was deliberately indifferent to Plaintiff's constitutional rights.

*COUNT II*

*Violation of Civil Rights*

*42 U.S.C. § 1983*

*Against County of Franklin, Missouri and Sheriff Gary Toelke*

36. Plaintiff incorporates herein the allegations made in each preceding paragraph as if each were set forth verbatim.

37. The defendants had at all times relevant to this complaint an established practice and custom of failing to have in effect and/or failing to enforce effective policies, procedures, and training prohibiting sexual abuse of inmates by its staff; failing to properly supervise Defendant Berti, thereby enabling him to isolate Plaintiff and have

sexual contact with her; failing to provide proper monitoring to protect female inmates; failing to use reasonable care in hiring staff; failing to use reasonable care in supervising employees; and failing to properly supervise employees, thereby enabling an employee to sexually assault Plaintiff.

38. The damages suffered by Plaintiff on or about March 5, 2010 were directly and proximately caused by the practice and custom of Franklin County.

39. The policy of Franklin County, as established and implemented by Defendant Sheriff Gary Toelke, was the direct and proximate cause of Plaintiff's injuries.

40. Defendants Franklin County and Sheriff Gary Toelke failed to properly train, supervise, and oversee its deputies, including Defendant Berti, and Plaintiff's injuries were directly and proximately caused by the failure to properly train, supervise, and oversee jail personnel.

## COUNT III

*Assault and Battery*

*Against Defendant Damon Berti*

41. Plaintiff incorporates herein the allegations made in each preceding paragraph as if each were set forth verbatim.

42. Defendant Berti intentionally sexually assaulted Plaintiff.

43. On October 14, 2011, Defendant Berti was convicted of two counts of sexual contact with an inmate, Class D felonies, stemming from this incident.

44. The actions of Defendant Berti were the direct and proximate cause of Plaintiff's injuries.

45. The actions of Defendant Damon Berti were intentional, willful, wanton, and with deliberate indifference to Plaintiff's rights.

WHEREFORE Plaintiff requests this Court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The physical abuse of Plaintiff by Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution;

2. The practices and customs of Defendants Franklin County and Sheriff Toelke described herein violated Plaintiff's constitutional rights;

3. The policies of Defendants Franklin County and Sheriff Toelke described herein violated Plaintiff's constitutional rights;

4. The failure of Defendants Franklin County and Sheriff Toelke to adequately train, supervise, and discipline its jail personnel violated Plaintiff's constitutional rights;

B. Award compensatory damages jointly and severally against Defendant Berti and Defendants County of Franklin, Missouri and Sheriff Gary Toelke;

C. Award punitive damages;

D. Award Plaintiff's attorneys' fees and expenses as well as the costs of this action; and

E. Grant such other and further relief as is just and proper under the circumstances.

FRANK, JUENGEL & RADEFELD
ATTORNEYS AT LAW, P.C.

By:  /s/ Matthew A. Radefeld
MATTHEW A. RADEFELD (52288MO)
Attorney for Plaintiff
7710 Carondelet Avenue, Suite 350
Clayton, Missouri 63105
(314) 725-7777